## Benjamin M. Lawrence, Appellee, v. Northwestern National Insurance Company, Appellant.

### Gen. No. 20,877.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed January 11, 1916. Rehearing denied February 7, 1916.

### Statement of the Case.

Action by Benjamin M. Lawrence, plaintiff, against the Northwestern National Insurance Company, defendant, on a fire insurance policy for $3,000 on a two-story frame dwelling. From a judgment for plaintiff for $1,500, defendant appeals.

Plaintiff filed sworn proofs of loss with defendant, alleging the amount of the loss to be $2,492.20, which is the amount set forth in plaintiff's statement of claim. Defendant, in its affidavit of merits, confined the issues to acts and deeds which occurred after the fire, and predicated its defense upon fraud and false swearing in making the representations, and expressing the opinions appearing in the proofs of loss.

The policy of insurance contained this language: "This entire policy shall be void  *  *  *  in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after the loss." The policy required the insured to deliver the following instruments to the company:

a.  Complete inventory, stating the quantity and cost of each article and the amount claimed thereon,

b.  Sworn statement setting forth the cash value of each item and the amount of loss; and,

·c.  If requested, verified plans and specifications of the building, fixtures or machinery destroyed or damaged.

450 APPELLATE COURTS OF ILLINOIS.

Lawrence v. Northwestern National Ins. Co., 197 Ill. App. 449.

Plaintiff's proof of loss included a plan certified by him, showing a *two-story and basement* frame building and a statement and schedule containing a list of material sufficient to erect a building of such dimensions with studding twenty-four feet high, including a maple floor covering the entire first floor thereof, birch doors with plate glass, and oak trim in the living and dining rooms, respectively. Defendant contended that the building destroyed by fire was *one* story in height with an *eighteen foot* studding only, containing no hard wood trim nor birch doors with plate glass, and only the kitchen floor was of maple. Defendant further contended that much of the lumber used was old and secondhand, and the prices of material contained in such statement of loss are excessive. The plan and specifications included in the proofs of loss were made by a building contractor named O'Donovan, at the request of and upon information given to him by plaintiff, who certified that such plan and specifications were true and correct to the best of his knowledge and memory.

There was a conflict of evidence upon all of the issues of fact raised by the pleadings. One of defendant's witnesses, Salomon, a building contractor, testified that the lumber prices seemed to be fair. The witnesses, in estimating the loss, gave opinions varying from $1,324 to $3,100, respectively.

FRANK M. FAIRFIELD, for appellant.

S. E. LAMBERT, for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 683*—*when question whether overvaluation in proofs of loss fraudulent for jury.* It is a question of fact whether

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

an overvaluation in the proofs of loss by fire of property is intentionally fraudulent, even though there is a considerable discrepancy between the amount stated by the insured in the proofs of loss and the value found by the jury.

2. FRAUD, § 87*—*when not presumed.* Fraud is never presumed.

3. FRAUD, § 89*—*when burden of proof upon party alleging fraud.* The burden of establishing fraud is upon the party alleging it.

4. INSURANCE, § 633*—*when evidence insufficient to establish fraudulent overvaluation.* In an action on a fire insurance policy on a building, evidence *held* insufficient to establish fraud in making an overvaluation in the proofs of loss.